UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MELVIN ERIC GEORGE,<br><br>Defendant. | Magistrate No. 05-0676<br>DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I.  INTRODUCTION**

Defendant is charged by criminal complaint with bank robbery in violation of 18 U.S.C. § 2113(a).  A consolidated preliminary hearing and detention hearing was conducted by the undersigned United States Magistrate Judge on January 5, 2006.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e).  The findings of fact and statement of reasons in support of the Order of Detention follow.

**II.  THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."  18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon

United States v. George                                                                                                                              2

which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III. DISCUSSION

The government's sole witness was Officer David A. Somack of the Metropolitan Police Department. Officer Somack testified that on December 8, 2005 an individual entered the Citibank located at 1749-1/2 Columbia Road, N.W., at approximately 12:58 p.m. and gave a teller a note which read "$10,000 or everyone will be shot." The teller gave the individual in

United States v. George                                                                                                                3

excess of $2000.00 from the drawer.  The individual told the teller to return the note and then left the bank.  Surveillance photographs were taken at the bank of the robber.

On December 14, 2005, a woman visited the Metropolitan Police Department and informed the police that she believed her brother, the Defendant, robbed a Citibank on December 8, 2005.  The woman indicated that the Defendant had recently been released from prison and was residing with her.  She further alleged that on December 8, 2005, Defendant returned to her apartment and showed her a black bag filled with cash and told her he robbed a bank.  Officer Somack testified that the woman identified the Defendant from a photograph maintained by the Metropolitan Police Department.  She later identified her brother as the same person pictured on a wanted poster which contained two bank surveillance photographs.  Officer Somack testified that the same woman returned on December 27, 2005 and told officers that the Defendant had threatened her and her daughter.  She also turned over to the police a number of items which she found under her daughter's bed.  The items included a striped knit hat and a black bag which contained several pieces of identification with the Defendant's name on them.  Officer Somack testified that the hat she turned over to the police was the hat the Defendant wore when he allegedly robbed the bank.

Counsel for the government, in further support of the government's request for pretrial detention, proffered that Defendant was on supervised release at the time of the instant offense, and indeed, was released from custody just three days prior to the instant offense.  Counsel for the government also proffered that the Pretrial Services Agency reported that Defendant has six prior convictions, and that he is charged in Superior Court with assault and threats for the conduct which Defendant's sister reported.  Counsel for the government also offered into

United States v. George                                                                                                             4

evidence five photographs which depicted (1) the Defendant; (2) the striped knit hat and black bag; and (3) the surveillance photos recovered from the bank.

Defendant offered no evidence and submitted on the issue of probable cause. Through counsel, Defendant proffered that none of his prior convictions are for felony crimes of violence, and that no detainers are lodged against him. Through his counsel, Defendant requested that the court consider releasing him on the condition that he reside in a halfway house.

## IV.  **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition of release or combination of conditions will reasonably assure Defendant's appearance in court, and by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.

First, the nature and circumstances of the offense charged indicate that there is probable cause that Defendant committed a crime of violence.

Second, for the reasons proffered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release. Of particular significance is Defendant's criminal history: at the time of the offense charged, Defendant was on supervised release for interstate transportation of stolen property and had been released from custody but three days earlier; Defendant is charged with assault and threats against his sister, who is a witness in the instant case; and the Pretrial Services Agency reports

United States v. George                                                                                       5

that Defendant has six convictions in addition to the one for which is now on supervised release, including a misdemeanor Bail Reform Act conviction.

Finally, the undersigned finds that the government's evidence, coupled with Defendant's poor record of amenability to community supervision, compel the conclusion that Defendant is a risk of flight, and that his release would pose a danger to the community.

## V.  CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the January 5, 2006 Order of Detention.


                                                        /s/  
                                         DEBORAH A. ROBINSON  
                                         United States Magistrate Judge

   January 23, 2006  
       DATE